ACCEPTED
03-15-00339-CV
13859970
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/17/2016 4:12:21 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00339-CV

**IN THE COURT OF APPEALS
THIRD JUDICIAL DISTRICT OF TEXAS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/17/2016 4:12:21 PM
JEFFREY D. KYLE
~~Clerk~~

**BEN MELTON,**

**APPELLANT,**

**v.**

**CU MEMEBERS MORTGAGE, A DIVISION OF COLONIAL SAVINGS, F.A., FIRST WESTERN TITLE CO., AND BOB MIMS,**

**APPELLEES.**

**Appeal from the 340th Judicial District Court
Tom Green County, Texas
Trial Court Case No. C130102
Hon. Jay Weatherby, presiding**

**APPELLEES' MOTION TO REMAND**

TO THE HONORABLE COURT OF APPEALS:

**COME NOW** Appellees CU Members Mortgage, a division of Colonial Savings, F.A. ("Colonial") and First Western Title Co. ("First Western") or collectively ("Appellees"), and file this Motion to Remand and shows:

Appellant Ben Melton asserted in the trial court several claims that the subject home equity loan was invalid due to alleged violations of the Texas

MOTION TO REMAND                                                    PAGE 1

constitution in the origination of the subject home equity loan. *CR 219-20.* The basis for the trial court's summary judgment ruling rejecting these claims was that they were barred by the applicable statute of limitations. *CR 54, 264-65.*

Since the trial court entered the subject summary-judgment order, the Texas Supreme Court in *Wood v. HSBC Bank USA, N.A.*, No. 14-0714, 2016 Tex. LEXIS 383, 2016 WL 2993923, at *3 (Tex. May 20, 2016), held that there is no statute of limitations that might preclude a home-equity borrower from contending that the subject home equity loan is unenforceable due to an alleged violation of the Texas constitution in its origination.

As the trial court did not have the benefit of the *Wood* opinion when considering Appellees' motion for summary judgment, Appellees recognize that this cause should be remanded to the trial court for that purpose. Appellees further recognize that the costs on appeal are to be taxed against them.

WHEREFORE, Appellees request that the Final Judgment from the Trial Court be reversed and this cause remanded to the Trial Court for further proceedings as indicated above; that the costs on appeal be charged against Appellees; and for such other relief to which the Appellees may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**Mackie Wolf Zientz & Mann, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

**Attorneys for Appellees CU Members Mortgage, a Division of Colonial Savings, F.A. and First Western Title Co.**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Gregory Sherwood, Counsel for Appellant Ben Melton, regarding this Motion and Appellant is opposed to the granting of the relief requested herein for the reason that Appellant disagrees with Appellees' intent to ask the trial court to retain the moneys deposited as supersedeas in this matter following remand.

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2016, a true and correct copy of the foregoing was served via the state electronic filing service to the counsel of record listed below:

Gregory Sherwood
P O Box 200613
Austin, Texas  78720-0613
gsherwood@mail.com
Attorney for Appellant

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**